## BIDDLE v. UNITED STATES.

### No. 834.

District Court, E. D. Pennsylvania.

Jan. 21, 1941.

William H. S. Wells and Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Andrew D. Sharpe and Oliver W. Hammond, Sp. Assts. to Atty. Gen., for defendant.

BARD, District Judge.

This case is before the Court on the defendant's motion for summary judgment, filed pursuant to the provisions of Rule 56 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. There is no factual issue concerned, the sole question being whether the plaintiffs are entitled, under the facts, to a refund of 2% normal income tax paid for the years 1933, 1934, 1935, 1936 and 1937. The amount involved is $1,217.85, with statutory interest thereon.

The Mercantile and Theatres Properties, Inc., in the year 1927, entered into an agreement with the Stanley Company of America to construct a moving picture theatre at Bridgeton, New Jersey. First mortgage bonds, secured by the property, were sold to finance the erection and equipment of the theatre. Interest at 6% per annum was provided for in the bonds and the Mercantile and Theatres Property, Inc., covenanted therein to pay the 2% normal federal income tax at the source. The completed theatre was leased to the Stanley Company of America, on or about November 1, 1927, for a period of 40 years at a fixed rental. As security for the bond issue, Mercantile and Theatres Properties, Inc., assigned all of its rights, title and interest in and to this lease to the Pennsylvania Company for Insurances on Lives and Granting Annuities, as trustee for the bondholders.

The principal of the bonds was due and payable on or about November 1, 1933, but the Mercantile and Theatres Properties, Inc., had indicated it would be unable to pay the principal when due. Consequently, a Bondholders Protective Committee had been formed, consisting of Moncure Biddle, George D. Lewis, William S. Johnson, Charles B. Lewis and George V. Strong. The Committee was authorized and empowered by a deposit agreement, dated October 1, 1933, to represent depositor bondholders in an effort to pro-

tect and preserve the value of the bonds. In accordance with the terms of this agreement, 98% of the bondholders deposited their bonds with the committee.

On November 1, 1933, the Mercantile and Theatres Properties, Inc., entered into an agreement with the Committee to deposit the interest due on the bonds up to November 1, 1933, amounting to $16,500, and to assign the Stanley Company lease to the Committee, subject to the prior assignment to the Pennsylvania Company for Insurances on Lives and Granting Annuities. This assignment was to be effective until the bonds were retired, the committee collecting all rentals under the lease and applying them pro rata for the benefit of all the bondholders. The surplus rents received in excess of the interest requirements could be used for retirement of the bonds, and any remaining rents were to be returned to the Mercantile and Theatres Properties, Inc. The lease on the theatre was assigned to the committee, in accordance with the agreement, on November 1, 1933.

Under the terms of the deposit agreement the present plaintiffs were given the power, among other powers "To accept from Stanley Company of America rentals heretofore payable by said Stanley Company of America as lessee of Stanley Theatre, Bridgeton, N. J., to Mercantile & Theatres Properties, Inc., and to use such funds in their discretion first for the payment of interest, expenses and repayment of borrowed money, and secondly to use any excess funds remaining in their hands, for the purchase in the open market or otherwise, in their sole discretion, of deposited and/or undeposited bonds and for this purpose to enter into such contracts and agreements with the Trustee as may be advisable or necessary and/or to indemnify the Trustee as Trustee may require."

The committee received the rentals thereafter and distributed them in accordance with the agreement, making semiannual payments to the bondholders. The committee reported and paid the 2% tax for the years 1933, 1934, 1935, 1936 and 1937, together with certain penalties, aggregating in all $1,217.85. Following rejection of claims for refund, suit was brought to recover this amount.

It is the contention of the plaintiffs that they are not, as a Bondholders Protective Committee, subject to the witholding provisions of section 143 of the Revenue Acts of 1932, 1934 and 1936, 26 U.S.C.A. Int.Rev. Acts, pages 535, 718, 886. Section 143 (a) (1) of the 1932 Act, 47 Stat. 215, substantially identical with the others, provides in material part: "In any case where bonds * * * or other similar obligations of a corporation contain a contract or provision by which the obligor agrees to * * * pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon, or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to two per centum of the interest upon such bonds * * * if payable to an individual, * * * " [1]

The foundation for the plaintiff's contention is that, under the agreement, they were acting only as agent for the bondholders. They contend that it follows that they could not be obligated to reimburse the bondholders to the extent of the tax, for they were and are, in effect, the bondholders.

The government argues that, admitting the committee's agency for the bondholders, there was also an agency relation with the debtor corporation, the covenantor. Upon this basis, the government contends the tax is properly payable by the committee. It is further urged that the tax is on payments at their source, and, therefore, the plaintiffs, who made the payments, should be liable for the tax.

The statute provides that the "obligor" shall deduct and withhold the tax. The language is unequivocal, and the cited regulation thereunder does not modify it to the point where it can be said to be patently inclusive of the plaintiffs. The regulation merely provides that an assignee in connection with the sale of its property, who assumes the payment of bonds, must deduct and withhold the tax.

The plaintiffs are in no proper sense the obligors under the bonds. They did not make the contract contained in the

---

[1] Article 761 of Regulations 77 provides in material part: "Where in connection with the sale of its property, payment of the bonds or other obligations of a corporation is assumed by the assignee, such assignee, whether an individual, partnership, or corporation, must deduct and withhold such taxes as would be required to be withheld by the assignor had no such sale or transfer been made."

bonds, and are not purchasers of the obligor's property assuming the obligor's obligations. They are, simply and beyond reasonable confusion, representatives of the bondholders who have agreed that obligations owing them shall be satisfied in a manner, but not in a measure, other than that originally agreed upon. They have not taken over all of the business assets of the obligor, but have simply taken an assignment of the lease, one of its assets, which was designed to be, but need not be, the source of satisfaction of the obligations.

It is my conclusion that the plaintiffs, as a Bondholders Protective Committee, were not liable for payment of the 2% withholding tax. The defendant's motion for summary judgment is denied.